## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | | |
|---|---|---|
| JANIS SHUMWAY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01063-STA-jay |
| | ) | |
| MIRA AND JENSHI, LLC | ) | |
| d/b/a DEERFIELD INN, a Tennessee | ) | |
| Limited Liability Company, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
## FIRST AMENDED COMPLAINT AND DENYING DEFENDANT'S MOTION TO
## DISMISS AS MOOT

Before the Court is Plaintiff Janis Shumway's Motion for Leave to File First Amended Complaint (ECF No. 9) filed on June 15, 2021. Defendant Mira and Jenshi, LLC d/b/a Deerfield Inn has responded in opposition, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

Plaintiff Janis Shumway alleges that Defendant Deerfield Inn, a hotel in Adamsville, Tennessee, through various third-party booking websites, has failed to comply with the Americans with Disabilities Act ("ADA") guidelines, more specifically, 28 C.F.R. § 36.302(e)(1), a federal regulation promulgated by the Department of Justice. That regulation imposes requirements upon places of public accommodation to ensure that disabled people have equal access to them. Plaintiff states that she qualifies as an individual with disabilities as defined by the ADA.  In the Motion before the Court, Plaintiff requests leave to amend her Complaint to include the allegation that she plans to

1

visit Defendant's hotel in July 2022. Plaintiff's amendment addresses standing arguments raised in

Defendant's Motion to Dismiss (ECF No. 8) the initial Complaint. Plaintiff argues that she and other

disabled persons will continue to suffer discrimination without the immediate relief she has requested.

Defendant opposes the Motion to Amend, arguing that Shumway's proposed amendment fails to state

the grounds that support her request with particularity and would be futile. Defendant argues that

Plaintiff has not met Rule 7's particularity requirement to show why the new allegation was omitted

from the original Complaint. Defendant also argues that the proposed amended complaint would not

withstand a motion to dismiss. Plaintiff's allegation of visiting the hotel in July of 2022 lacks

plausibility and therefore does not cure the standing defect in her claims.

## <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the

opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give

leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory
> motive on the part of the movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of the amendment, etc. the leave sought should, as the rules require, be
> "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962)). "[T]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits

rather than the technicalities of pleadings." *Herhold v. Green Tree Savings, LLC*, 608 F. App'x 328,

330-31 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). The

Sixth Circuit has remarked that "the case law in this Circuit manifests liberality in allowing

amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (citations

omitted).

2

## ANALYSIS

The Americans with Disabilities Act provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.  The ADA defines a public accommodation to include an "inn, hotel, motel, or other place of lodging. . ." 42 U.S.C. § 12181.  Furthermore, 28 C.F.R. § 36.302(e)(1), one of the ADA's implementing regulations, requires the following:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. *Id.*

Plaintiff's opening pleading alleges that Defendant failed to list the specific accommodations available at the Deerfield Inn and other information needed by guests with disabilities on various third-party hotel booking websites.  The opening pleading also alleges the websites did not allow for booking accessible rooms.  Plaintiff alleges in the Complaint that she visited the booking websites for the purpose of reviewing and assessing the accessible features at the Deerfield Inn and to ascertain whether they met the requirements of 28 C.F.R. § 36.302(e).  Plaintiff now seeks leave to amend her

Complaint to allege that she also reviewed the websites for the purpose of ascertaining whether she can stay in this hotel during the trip she is planning to the area of Adamsville, Tennessee in July 2022.

Under Rule 15(a)'s liberal standard for amending the pleadings, the Court finds good cause to grant Plaintiff's motion to amend. This is Plaintiff's first request to amend and was filed within two months of the original Complaint. Shumway filed her Motion to Amend while the case was still at the pleadings stage and in response to a Rule 12(b)(6) motion to dismiss. Shumway would have had the opportunity to amend her Complaint as a matter of course, that is, without leave of court or the consent of Defendant, had she only filed an amended pleading within 21 days after service of the Defendant's motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleadings once as a matter of course . . . within 21 days after service of a motion under 12(b) . . . ."). Defendant filed its Rule 12(b)(1) Motion on May 21, 2021. Plaintiff did not file her Motion to Amend until June 15, 2021, missing her opportunity to amend without leave of court by two business days. The Court finds that Defendant will not be unduly prejudiced by the amendment because of the early stage the proceedings: Defendant has yet to file an Answer, discovery has not commenced, and a scheduling order has not been entered in this case. So, the early posture of the case together with Rule 15's generous policy of allowing amendments weigh strongly favor of granting Plaintiff an opportunity to amend.

Defendant briefly argues that Plaintiff's amendment regarding her future travel plans in Adamsville is implausible and perhaps raised in bad faith. The Court has no evidence or other indication that Plaintiff has acted in bad faith, and it is not clear to the Court how it could even reach the issue without additional fact-finding, a process that is inconsistent with the *Twombly-Iqbal* standard, focused as it is on only the pleadings. As Justice Souter writing for the majority in *Twombly* observed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof

of those facts is improbable . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The Court's assessment at the pleadings stage is simply whether such a fact would give Plaintiff standing to bring her claims, not whether her plan to travel a year hence is likely. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 374 (1982) ("That the tester may have approached the real estate agent fully expecting that he would receive false information, *and without any intention of buying or renting a home*, does not negate the simple fact of injury within the meaning of [the Fair Housing Act].")．The Court has no evidence then to attribute an improper motive to Plaintiff's request such as bad faith or other dilatory conduct.

## I.     Plaintiff's Motion States Grounds for Her Request to Amend with Particularity

Defendant bases its opposition on the lack of particularity in the proposed amendment and the futility of permitting the amendment. First, Defendant argues that the Motion to Amend does not meet Rule 7's particularity requirement.   Federal Rule of Civil Procedure 7(b) states that a motion "shall state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b).   In *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839 (6th Cir. 2006), the Sixth Circuit held that a party making a request to amend "in a single sentence [in a brief responding to a motion to dismiss] without providing grounds or a proposed amended complaint to support her request" fails to state the grounds for the request with particularity. *Id.* at 853.   In Shumway's case, however, she has filed a separate Motion, stating that the basis for the request is the need to address Defendant's standing argument in its Motion to Dismiss. Pl.'s Mot. Amend at 1. Shumway's proposed amended complaint includes the allegation that Plaintiff plans to visit Adamsville in July 2022 and therefore intends to return to the websites in the future to decide whether to stay at the Deerfield Inn.   Shumway also attached a proposed amended complaint to her Motion to Amend.  Plaintiff's justification is not a general one.

5

Stating grounds for relief concisely does not mean that they are not stated with particularity. The Court finds that Plaintiff has stated with particularity the grounds for seeking an order to amend.

## II.   Plaintiff's Amended Complaint is Not Futile

Defendant's primary argument is that the Court should deny Plaintiff leave to amend her pleadings because her proposed amendment is futile.  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018) (citations omitted).  Defendant argues in its Motion to Dismiss and in its response to the Motion to Amend that Plaintiff lacks Article III standing.  In order to survive a motion to dismiss for lack of standing, a plaintiff must demonstrate that (1) she "suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'"; (2) the injury is "fairly traceable to the challenged action of the defendant"; and (3) it is likely "that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In *Lujan*, the Supreme Court stated that an injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Id.* at 560.

Here, the allegations of Plaintiff's proposed amended complaint, taken as true, illustrate an injury-in-fact.  Plaintiff states that her injury occurred when she was deprived of her rights guaranteed by 42 U.S.C. § 12182 of the ADA.  *See Havens Realty*, 455 U.S. at 373–74 ("[A]ctual or threatened injury required by Article III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing . . . .") (citations omitted).  Defendant argues in part that Plaintiff lacks standing because she has never visited the Deerfield Inn property. But Plaintiff's proposed amended complaint plausibly alleges that she visited booking websites where Defendant failed to disclose information required by the ADA and its regulations.  This is enough to allege an injury-in-fact.  The Supreme Court has concluded that a "plaintiff suffers an injury in fact when the

plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute." *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998). And Plaintiff's injury is traceable to Defendant's failure to make required disclosures through the websites, and the injury would be redressed by a favorable decision. The Court holds that based on the allegations of the Complaint and the proposed amended complaint, Plaintiff has standing to sue for the alleged violations on the third-party booking websites.

Defendant also argues that Plaintiff lacks standing to press her claims for prospective injunctive relief. *See* Proposed Am. Compl. 8 (ECF No. (praying for "[i]njunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement"). In order to establish standing to seek prospective injunctive relief, Plaintiff must allege an immediate threat of future injury. *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756–57 (6th Cir. 2019) (citing *Gaylor v. Hamilton Crossing CMBS*, 582 F. App'x 576 (6th Cir. 2014)). To show an immediate threat of future injury, Plaintiff must allege (1) a plausible intent to return to a non-compliant accommodation or (2) that she would return but is deterred because of the alleged accessibility barriers. *Id*. at 757. Defendant argues in its Motion to Dismiss that Plaintiff has no plausible reason to visit the Deerfield Inn, and by extension the websites publishing information about the hotel, in the future. Plaintiff's proposed amended complaint alleges, however, that Plaintiff is planning a trip to Adamsville, Tennessee in 2022 and will need to visit the booking websites again to finalize her plans.

The Sixth Circuit has stated that an intent to revisit an accommodation in the future does not have to be credible, just plausible. *Id.* at 758. Shumway's allegation that she is planning a trip to Adamsville in 2022, which the Court must accept as true at the pleadings stage, plausibly supports

her claim that she intends to return to the websites in the future.  *See Twombly,* 550 U.S. at 556

(holding that a complaint will survive a motion to dismiss where the facts alleged, if accepted as true,

are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that

is plausible on its face"); *Mosely*, 942 F.3d at 758 (reversing the district court's holding that an ADA

plaintiff lacked standing where the trial court "held [the plaintiff] to a higher burden of proof than

is required at the pleadings stage by demanding a 'credible,' rather than a 'plausible,' plan to return

to the stores").  The Sixth Circuit has held that alleging "an intent to return to the area and an interest

in visiting the accommodation in the future when it becomes ADA-compliant" will suffice.  *Id*.

This outcome is also consistent with a line of other cases of this kind where district courts have

ruled that the future injury issue is not whether the Plaintiff plausibly may visit the property but

whether the Plaintiff will plausibly revisit a booking or reservations website. *Camacho v.*

*Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202 (S.D.N.Y. 2019); *Parks v. Richard*, 2020 U.S.

Dist. Lexis 86790, *5-8 (M.D. Fla. 2020); *Kennedy v. Gold Sun Hospitality*, LLC, 8:18-cv842-T-

33CPT, DE 23, at pp. 30-31, (M.D. Fla. June 18, 2018).[1]   The Court holds that the proposed

---

[1] Defendant further argues that other district courts have dismissed cases brought by ADA testers for lack of standing.  As one of those courts observed, "[t]his is, ultimately, an unsettled area of standing jurisprudence, with myriad decisions cutting both ways across the country."  *Laufer v. BRE/ESA Portfolio, LLC*, 2020 WL 6801924, *4 (D. Md., Nov. 19, 2020).  The cases cited by Defendant illustrate this split of authority.  While the cases reaching the opposite result are informative, the Court finds the decisions cited by Defendant unpersuasive and largely distinguishable.  *Strojnik v. R.F. Weichert V, Inc.*, 2021 WL 242912 (N.D. Calif. Jan. 25, 2021) (granting a motion to dismiss for lack of standing but also granting the plaintiff leave to amend); *Laufer v. Laxmi & Sons, LLC*, 2020 WL 2200207 (N.D.N.Y. May 6, 2020) (questioning the tester-plaintiff's standing because she had never traveled to the city where the hotel was located but ultimately ordering the plaintiff to show cause as to why the case should not be dismissed); *Laufer v. 1110 Western Albany, LLC*, 2020 WL 2309083 (N.D.N.Y. May 7, 2020) (same).  None of the decisions cited by Defendant denied an ADA tester-plaintiff the opportunity to amend her pleadings to cure a standing defect.

amended complaint alleges a plausible intent to return to the non-compliant websites and therefore supports Plaintiff's standing to seek prospective injunctive relief.

Defendant argues that Plaintiff must come forward with "substantial evidence" to support her claims about her future plans and cites for support the First Circuit's decision in *Torres-Matos v. St. Lawrence Garment Co., Inc.*, 901 F.2d 1144 (1st Cir. 1990). But *Torres-Matos* addressed a very different scenario: the plaintiffs there sought leave to amend their pleadings only after the defendant had filed a motion for summary judgment on the original claims. The First Circuit remarked, "Given the pendency of the summary judgment motion, appellants were required to show that these proposed amendments had substantial merit [] and were supported by substantial and convincing evidence." *Torres-Matos*, 901 F.2d at 1146. Defendant's point is true as far as a plaintiff's request to amend the pleadings after a defendant has filed a motion for summary judgment. *See Church Jt. Venture, L.P. v. Blasingame*, 947 F.3d 925, 934 (6th Cir. 2020) (affirming the denial of the plaintiff's motion to amend its pleadings where the request came five years after suit was filed and after the parties had briefed a motion for summary judgment); 61A Am. Jur. 2d Pleading § 656 ("[I]f leave to amend the complaint is not sought until after a summary judgment motion has been docketed, the proposed amendment . . . is properly classified as futile unless the allegations of the proposed amended complaint are supported by substantial evidence.").

By contrast, this case was initiated in April 2021 and is still at the pleadings stage. Defendant has contested Plaintiff's standing to sue based on the allegations of her Complaint and her proposed amended complaint. Defendant's Rule 12(b) Motion and its argument about the futility of the proposed amended complaint simply test the sufficiency of those pleadings. So unlike a Rule 56 motion, an attack on the pleadings does not require Plaintiff to come forward with

any evidence, much less "substantial evidence." *Tillotson v. Manitowoc Co., Inc.*, 727 F. App'x 164, 169 (6th Cir. 2018) ("At the summary judgment stage, the nonmovant is required 'put up or shut up' on the critical issues of his asserted cause of action . . . .").

Defendant also argues that the Court should take into account Plaintiff's status as an ADA "tester" and the number of lawsuits filed by Plaintiff making similar claims about third party booking websites. Defendant implies that the number of test cases filed by Plaintiff suggests that her allegations about plans to travel to so many locations are implausible or even disingenuous. Defendant cites for support a Seventh Circuit decision where the Court of Appeals refused to confer standing on an ADA tester. *Scherr v. Marriott Int'l, Inc.*, 703 F. 3d 1069, 1074 (7th Cir. 2013). But *Scherr* is actually consistent with the Court's ruling in this case. The Seventh Circuit concluded that the ADA tester had standing to sue for ADA violations at a specific hotel, just not standing to sue for ADA violations at all of the Marriott hotels with similar design features. *Scherr*, 703 F.3d at 1075 ("Scherr's standing to sue the Overland Park Courtyard Marriott does not, however, extend to the other fifty-six Courtyard Marriott hotels that use the spring-hinged door closers."). As a general matter, statutory "testers" have Article III standing. *Havens Realty*, 455 U.S. at 373–74. Otherwise, every tester who files suit would be subject to a generalized claim that the tester never actually intended to rent housing or view a website to book hotel accommodations. And as the Court has already explained, the Court must accept the truth of Plaintiff's factual allegations at the pleadings stage.

In its Motion to Dismiss, Defendant also cites to *Mitchell v. Buckeye State Credit Union*, No., 2019 WL 1040962, (N.D. Ohio Mar. 5, 2019), where a district court held that an ADA "tester" plaintiff who visited an inaccessible website, did not suffer an injury in fact and therefore did not have Article III standing. *Id.* at *1. However, in *Mitchell*, the plaintiff was suing a credit union for which

he was not an eligible member. *Id.* The court reasoned that since the plaintiff was not an eligible member, he had no plausible reason to return to the website and therefore could not establish a threat of future injury (a requirement for Article III standing when seeking injunctive relief). *Id.* at *3; *see also Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019) (holding that "a plaintiff who is *legally barred* from using a credit union's services cannot demonstrate an injury that is either concrete or particularized"); *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649 (4th Cir. 2019) (same). Here, Shumway is an eligible guest of Deerfield Inn and therefore can show a plausible reason to revisit the website based on her allegation that she intends to travel to Adamsville in 2022.

## <u>CONCLUSION</u>

Therefore, for the above reasons and in accordance with the established principle that the purpose of pleading is to facilitate a proper decision on the merits, Plaintiff's Motion to Amend the Complaint is **GRANTED**. Plaintiff shall have three days from the date of this order to file an Amended Complaint. Plaintiff's Amended Complaint will supersede the original Complaint; consequently, Defendant's Motion to Dismiss the original Complaint (ECF No. 8.) is **DENIED** as moot but without prejudice to file a subsequent evidentiary motion on the issue of standing.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 2, 2021.